James Gibson, J.
In this article 78 proceeding, petitioners seek to have annulled the determination of respondent State Tax Commission .which affirmed the actions of the Department of Taxation and Finance (1) computing the four petitioners’ franchise tax liability on an individual basis and (2) denying permission to petitioners to file a combined report.
Petitioner Annel owns all the capital stock of the other petitioners and petitioners are thus within the statutory provisions whereby they ‘1 may be required or permitted to make a report on a combined basis ”, but this, as the first clause of the statute makes clear, “ in the discretion of ihe tax commission ” (Tax Law, § 211, subd. 4). All four corporations owned and operated real estate enterprises at different locations and of such varied types as gas stations, stores, apartments (including a Mitehell-Lama project as to which somewhat different and special treatment and handling were required) and office buildings. Each corporation operated its business independently of the others and maintained separate books and accounts of its operations. In its decision, respondent commission stated; “ Each of the four corporations is engaged in real estate opera *887 tions, the results of which are more properly reflected on an individual basis. A combined return would produce a distorted result, in that losses of unprofitable corporations would be offset against income of the other corporations. Individual corporations engaged in the ownership of real properties do not constitute a unitary business, since the profit or loss of each corporation is primarily due to the operation of the specific real estate parcels which each corporation holds, instead of being due to intercompany transactions. It is not the policy of the Tax Commission to permit or require a combined return where taxation on an individual basis produces a more proper result.”
It cannot reasonably be found that there was no rational basis for the construction and application of the statute in this manner or, in particular, for the finding that no ‘ ‘ unitary business ” was involved (see 20 NYCBR 5.28 [b] [2]). Neither could this record support a finding that the discretion conferred by statute upon the commission was abused or otherwise arbitrarily exercised.
Determination confirmed and petition dismissed, with costs.